# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:19-cr-012(2) |
| Plaintiff | : | JUDGE DLOTT |
| v. | : | |
| RYAN D. KING | : | **SENTENCING MEMORANDUM OF THE UNITED STATES** |
| Defendant. | : | |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files its position concerning the sentencing of defendant Ryan D. King. This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report ("PSR") in this case, and any further evidence or argument as may be presented at any sentencing hearing on this matter.

    Respectfully submitted,

    DAVID M. DEVILLERS
    United States Attorney

    s/Sheila G. Lafferty
    SHEILA G. LAFFERTY (0042554)
    Assistant United States Attorney
    Attorney for Plaintiff
    303 Marconi Boulevard, Suite 200
    Columbus, Ohio 43215
    Office: (614) 469-5715
    E-mail: Sheila.Lafferty@usdoj.gov

## I. BACKGROUND

On February 6, 2019, a federal Grand Jury in the Southern District of Ohio indicted Ryan D. King ("King") and Randy D. Goodman in a two-count Indictment. The charges against each include one count of Conspiracy to Possess a Destructive Device in Violation of the National Firearms Act, in violation of Title 18, United States Code, Section 371, and one count of Possession of an Unregistered Destructive Device, in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

On August 15, 2019, pursuant to plea negotiations, Mr. King entered a plea of guilty to the conspiracy charge.

## II. SENTENCING CALCULATION

### A. Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant is a term of imprisonment not to exceed 5 years.

### B. Sentencing Guidelines Calculation

The United States Probation Office correctly calculated the defendant's advisory guideline range as follows:

| | | |
|---|---|---|
| U.S.S.G. §2K2.1 | Base Offense Level | 18 |
| | Possession of Destructive Device | +2 |
| | Acceptance of Responsibility/ Timely Notice | - 3 |
| | **Total Offense Level** | 17 |

An offense level of 17 combined with a criminal history category I results in an advisory guideline

range of 24 to 30 months. The Probation Department has recommended a sentence of 24 months which represents the high end of the recommended sentencing range proposed by the United States in the plea agreement. With this filing, the United States concurs with that recommendation.

## III. SENTENCING FACTORS

Pursuant to 18 U.S.C. § 3553(a), the following factors must be considered in imposing an appropriate sentence: (1) "the nature and circumstances of the offense and history and characteristics of the defendant"; (2) the need for the sentence to serve various goals of the criminal justice system, including (a) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," (b) to accomplish specific and general deterrence, (c) to protect the public from the defendant, (d) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) the kinds of sentences available; (4) the sentencing range set forth in the Guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. The United States submits that a sentence of 24 months reflects these considerations.

### A. Nature and Circumstances of Offense and History and Character of Defendant

In 2018, the Federal Bureau of Investigation (FBI) Joint Terrorism Task Force (JTTF) began investigating United Sheepdogs of Ohio (Sheepdogs), a local militia group based in southern Ohio. The JTTF utilized confidential sources to infiltrate Sheepdogs and assess any potential threat to the safety and security of the United States.

During the course of the investigation, the JTTF determined that the Sheepdogs had approximately a dozen members, including Randy D. Goodman and Ryan D. King. The members

of this group were heavily involved in firearms training, tactical training, and survival skills. The training sessions were frequently held on Goodman's property, the family farm in Ripley, Ohio. Investigation revealed that over time, Goodman and King, based on their shared common interest, formed a subset of the Sheepdogs and referred to themselves as the "Special Projects Team." In addition to detonating an explosive known as tannerite, the Special Projects Team also discussed building and stockpiling other types of destructive devices. In particular, Goodman and King team focused on constructing explosives known as "crater makers" – a carbon dioxide cartridge containing an energetic powder and a fusing system.

In December 2018 and continuing into early January 2019, Goodman and King met on numerous occasions and discussed the components needed to assemble the crater makers, built the devices, tested the fusing systems associated with the devices and detonated the devices. In the weeks following, the conversations escalated to pipe bombs, pressure cookers used in the Boston Marathon bombing, land mines, and King teaching Goodman how to make additional crater makers. The FBI investigation concluded in February 2018 with the arrest of Goodman and King.

As to the history and character of King, he is 38 years old. He was born in Dallas, Texas and has resided in Tennessee, Florida, Ohio and the Ukraine. King was raised by his mother and stepfather and reported that he was "well provided for" and had a stable childhood. His parents were very religious and the family traveled abroad in support of missionary work. After receiving his high school diploma, King enrolled in college and attended various Christian colleges for approximately four years. In 2009, King married his current spouse and they are fostering two minor children.

In 2004, at the age of 22, King was convicted of disorderly conduct in Middletown, Ohio and received a fine. To date, that is his sole criminal conviction. He is currently self-employed and has owned Strong Tower Security since 2012. He has reported consistent employment since

...

2007. He reports no history of mental or emotional problems. He reports consuming alcohol a few times a month and denies ever experimenting with or using illicit drugs.

### B. Seriousness of Offense, Respect for the Law, Just Punishment and Adequate Deterrence

The offenses alleged are serious. The co-defendants conspired to construct, stockpile and detonate destructive devices for when "shit hit the fan" and in January 2019 they detonated a "crater maker" in Ripley, Ohio. Despite this potentially ominous threat, neither co-defendant has elaborated on what this doomsday scenario entailed. As such, the unclear motivation behind their participation in these activities makes their offense conduct concerning. It is unknown exactly what Goodman and King eventually planned to do with these devices or who or what their ultimate target, if any, was. Each has likewise failed to explain the necessity or urgency in assembling, stockpiling and detonating these devices.

While the crime for which the defendant was convicted is not violent in nature, it did involve a destructive device which by virtue of its inherent danger is regulated under the National Firearms Act. This was not simply a matter of blowing up fireworks in the backyard but rather a calculated plan to assemble and stockpile very dangerous and potentially lethal devices. King had prior knowledge and use of explosives and was aware that the building of these devices was illegal. The recorded conversations between King and Goodman document their discussions of building larger devices, remote detonated devices, pipe bombs and other equally lethal destructive devices. King knew exactly what he was making at his home in Franklin, Ohio. He kept his constructed "crater makers" in his residence, where his spouse and two young children also lived. Unsuspecting family members and neighbors were exposed to potential harm.

The Court must consider in imposing a sentence the need to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The government believes general and specific

deterrence are important factors to consider when imposing sentence in this particular case. Goodman and King feared some doomsday event and if that event occurred, they would be prepared to mount an attack. It is because of this misguided trend that general deterrence is particularly important as a sentencing factor in this case: the Court must acknowledge that harmful and potentially violent acts do not have a place in our society. When associates, acquaintances, and even similarly situated strangers see that a defendant receives a punishment for participating in certain conduct, they are more apt to reconsider engaging in similar conduct in the future in fear of receiving the same treatment. Without fear of societal retribution in the form of a loss of their freedom, a like-minded criminal will continue to engage in the same type of misconduct, endangering others in the community. Further, the message should likewise be equally clear to Goodman and King individually – that the consequences of their actions will dissuade them from future criminal behavior.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of 24 months and three years of supervised release.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney


s/Sheila G. Lafferty
SHEILA G. LAFFERTY (0042554)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
E-mail: Sheila.Lafferty@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 14th day of January, 2020, electronically on: Hal Arenstein, Attorney for Defendant.

                                              s/Sheila G. Lafferty
                                              SHEILA G. LAFFERTY (0042554)
                                              Assistant United States Attorney